UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Donnie West Allen and DWA Specialty Supply Building Products, LP**, | |
| Plaintiffs, | Case No. |
| v. | |
| **Oasis Media, LLC, Search Assistance, LLC f/k/a Voice Search Assistance, LLC f/k/a Internet Listing Service, LLC, and Iconomy Group, LLC,** | Complaint and Demand for Jury Trial |
| Defendants. | |

## COMPLAINT

**Donnie West Allen and DWA Specialty Supply Building Products, LP** (Plaintiffs), by and through their attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Oasis Media, LLC, Search Assistance, LLC f/k/a Voice Search Assistance, LLC f/k/a Internet Listing Service, LLC, and Iconomy Group, LLC,** (Defendants):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

1

3. This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendants conduct business in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff Donnie West Allen is a natural person residing in Amarillo, Texas 79106.

7. Plaintiff DWA Specialty Supply Building Products, LP ("DWA") is a business entity located in Amarillo, Texas 79106.

8. Plaintiffs are each a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant Oasis Media, LLC ("Oasis") is a business entity with a mailing address at 3767 Lake Worth Road, Suite 120, Lake Worth, Florida. 33461.

10. Defendant Search Assistance, LLC f/k/a Voice Search Assistance, LLC f/k/a Internet Listing Service, LLC ("VSA"), is a business entity with a mailing address at 2105 Wellington Road, West Palm Beach, Florida 33409.

11. Defendant Iconomy Group, LLC ("Iconomy") is a business entity with a mailing address at 3767 Lake Worth Road, Lake Worth, Florida. 33461.

12. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

13. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. Defendants placed repeated harassing telephone calls to Plaintiffs at telephone numbers ending in 4205 and 8888 attempting to sell them a voice search platform.

15. Plaintiffs never sought information about a voice search platform and did not consent to these calls from Defendants.

16. Defendants placed these calls to Plaintiffs using an automated telephone dialing system and/or pre-recorded message.

17. When Mr. Allen answered Defendants' calls he heard either a lengthy pause or delay and/or a pre-recorded voice before anyone came on the line, indicating to him that the call was made using an ATDS.

18. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

19. When Mr. Allen spoke with a live individual, he was solicited for a voice search platform for his business.

20. The phone number ending in 4205 has been on the Do Not Call Registry since November 20, 2015.

21. The phone number ending in 8888 has been on the Do Not Call Registry since September 12, 2003.

22. Despite registration on the Do Not Call Registry, Defendants placed over seven hundred calls to Plaintiffs.

23. On April 20, 2020, Mr. Allen spoke with a representative of Defendants who identified himself as Travis Johnson.

24. In order to ascertain who was responsible for the calls, Mr. Allen agreed to subscribe to Defendants' service during the call with Mr. Johnson.

25. Mr. Johnson provided Mr. Allen with a web address for his company during this call – www.voicesearchassistant.com.

26. This website is identified as belonging to Defendant VSA.

27. However, the source code for the web address indicates the site name is "OasisMedia."

28. The telephone number identified on contact page of this website – 888-892-4601 – is also a number belonging to Defendant Iconomy.

29. Both Defendant VSA and Defendant Iconomy are operated by Mark Brosious.

30. Mr. Brosious is listed as an Authorized Member on the Articles of Organization filed on behalf of Defendant Iconomy with the Florida Secretary of State on October 17, 2018.

31. Mr. Brosious is listed as an Authorized Member on the Articles of Amendment filed on behalf of Defendant VSA with the Florida Secretary of State on August 19, 2019.

32. On April 20, 2020, Defendant VSA charged Mr. Allen's credit card in the amount of $99.00.

33. The phone number listed on his credit card statement for VSA was 888-892-4601.

34. On April 22, 2020, Mr. Allen spoke with Defendants' representative, Brad Barron, in order to gather further information about the identity of Defendants.

35. During the April 22, 2020 call, Mr. Barron shared his screen with Mr. Allen by using the website join.me.

36. Mr. Barron's screen reflected that the information he was providing to Mr. Allen was from Defendant Oasis.

37. Mr. Brosious is listed as the Registered Agent on the Articles of Organization filed on behalf of Defendant Oasis with the Florida Secretary of State on August 15, 2017.

38. On April 24, 2020, Mr. Allen called 888-892-4601 and cancelled the service.

39. Upon information and belief, Defendants worked in concert to solicit potential customers for their voice assistant platform.

40. Upon information and belief, Defendants did not register with the Secretary of State to place solicitation calls within the state of Texas.

41. The actions described herein were in violation of the TCPA and Texas Business and Commercial Code.

### COUN T I
### DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

42. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

43. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiffs' telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiffs' telephone without any prior express consent.

25. Defendants contacted Plaintiffs despite the fact that Plaintiffs' telephone number ending in 4205 was on the Do Not Call Registry since November 20, 2015.

26. Defendants contacted Plaintiffs despite the fact that Plaintiffs' telephone number ending in 8888 was on the Do Not Call Registry since September 12, 2003.

27. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

28. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

30. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

31. The TCPA prohibits any person or entity of initiating any telephone solicitation to a telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

32. Defendants contacted Plaintiffs despite the fact that Plaintiffs' telephone number ending in 4205 was on the Do Not Call Registry since November 20, 2015.

33. Defendants contacted Plaintiffs despite the fact that Plaintiffs' telephone number ending in 8888 was on the Do Not Call Registry since September 12, 2003.

34. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

6

35. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS AND COMMERICAL CODE

37. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

38. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

39. Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiffs without obtaining a registration certificate from the Office of the Secretary of State.

40. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiffs, **Donnie West Allen** and **DWA Specialty Supply Building Products, LP,** respectfully prays for judgment as follows:

   a.  All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b.  Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c.  Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d.  Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e.  Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   f.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to the Tex. Fin. Code § 392.403(b);

   g.  Statutory damages of $5,000 per violation of §302.302(a) of the Texas Business & Commerce Code;

   h.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

   i.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **Donnie Allen** and **DWA Specialty Supply Building Products, LP,** demands a jury trial in this case.

                                                          Respectfully submitted,

Dated: 10/21/2020                         By: *s/ Amy L. Bennecoff Ginsburg*
                                                         Amy L. Bennecoff Ginsburg, Esq.
                                                         Kimmel & Silverman, P.C.
                                                         30 East Butler Pike
                                                         Ambler, PA 19002
                                                         Phone: 215-540-8888
                                                         Facsimile: 877-788-2864
                                                         Email: teamkimmel@creditlaw.com